# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:16-po-00019-SAB |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO CALIFORNIA PENAL CODE SECTION 1382 |
| v. | |
| KELLY ROEHLK, | (ECF No. 40) |
| Defendant. | |

On February 5, 2016, a citation was filed charging Defendant Kelly Roehlk with entering premises under the influence of alcohol or narcotic drugs, hallucinogenics, marijuana, barbiturates, or amphetamines on December 9, 2015. (ECF No. 1.) On July 21, 2016, Defendant plead guilty and was sentenced to 12 Months Unsupervised Probation to expire on July 21, 2017; a fine was waived; Special Assessment $10.00; Processing Fee $25.00 for a total of $35.00 to be paid by September 15, 2016; complete Visalia Veteran's Court Program; attend AA Meetings at least three times per week; attend Counseling Sessions with Dr. David Richards at least one time a month and each month thereafter; chemically tested pursuant to the Visalia Veteran's Court Program; attend Anger Management Course for a period of 7 weeks; and not to consume any alcohol, drugs or controlled substance. (ECF No. 16.)

On May 18, 2017, Defendant failed to appear for his review hearing and the matter was referred for preparation of a violation of probation and a violation of probation hearing was set

for June 1, 2016.  (ECF No. 23.)  On May 31, 2017, an order and petition for violation of probation were filed.  (ECF No. 26.)  Defendant failed to appear for the violation of probation hearing on June 1, 2016.  (ECF No. 27.)  Defendant made an initial appearance on the probation violation on June 12, 2017 and was released with an order to appear on July 27, 2017, at 10:00 a.m.  (ECF Nos. 30, 31.)  On July 27, 2017, counsel informed the Court that Defendant was in the custody of the Tulare County Jail and a failure to appear warrant issued.  (ECF No. 38.)

On February 12, 2018, Defendant Kelly Roehlk filed a motion for dismissal pursuant to California Penal Code section 1382.  (ECF No. 40.)  Defendant's motion states that on November 7, 2017, he filed a demand for trial pursuant to California Penal Code section 1381 with the Fresno Federal Court, no response has been received, and the 90 days allowed by the statute has expired.  Plaintiff moved to have the warrant be dismissed pursuant to California Penal Code section 1382.

The California Penal Code is not applicable to criminal proceedings in federal court. U.S. Const. art. VI, cl. 2.  To the extent that Defendant is alleging a speedy trial right to have his probation violation adjudicated, the Supreme Court has found that no such right exists.  In Carchman v. Nash, 473 U.S. 716 (1985) the Court specifically addressed this issue under the Interstate Agreement on Detainers (Agreement) which is a compact among 48 States, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States..  Carchman, 473 U.S. at 719.  "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent."  Id.

"A probationer is not ""prosecuted" or "brought to trial" on the criminal offense for which he initially was sentenced to probation, since he already will have been tried and convicted for that offense.  Instead, the probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified or the probationer should be resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial."  Carchman, 473 U.S. at 725–26.  The fact that the probationer was convicted as a result of the alleged

probation violations in another court conclusively establishes the probation violation.  Id. at 731.  Further, the probationer cannot relitigate the factual issue of the probation violation charge when it has been established by the sending state.  Id. at 732.  The Court found that the right to speedy trial did not apply to probation violations.  Id. at 734.  The Ninth Circuit has found that the speedy trial act does not apply to parole violations.  United States v. Roach, 745 F.2d 1252, 1254 (9th Cir. 1984).

Accordingly, speedy trial rights do not attach to the probation violation and Defendant shall be brought to federal court to address these violations upon the completion of his state court proceedings.  Based on the foregoing, Defendant's motion to dismiss pursuant to California Penal Code Section 1382 is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **February 16, 2018**

UNITED STATES MAGISTRATE JUDGE